# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE TRINIDAD,<br><br>          Petitioner,<br><br>     v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>          Respondent. | Case No.  1:15-cv-00436- GSA (HC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 3) |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On the same date that he filed his petition, Petitioner filed a motion for appointment of counsel.  (ECF No. 3).

There currently exists no absolute right to appointment of counsel in habeas proceedings. See, e.g., Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir. 1958); Mitchell v. Wyrick, 727 F.2d 773, 774 (8th Cir. 1984).  However, Title 18 U.S.C. 3006A(a)(2)(B) authorizes the appointment of counsel at any stage of the case if "the interests  of justice so require."  See Rule 8(c), Rules Governing Section 2254 Cases.  The court should only appoint counsel under "exceptional circumstances" and after evaluating the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved. See Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

Petitioner argues that counsel should be appointed because the case involves substantial

and complex procedural, legal or mixed legal and factual questions, he lacks education, his case will probably require the assistance of experts in proving the claims, he is indigent and is not in the position to investigate crucial facts, and the truth is more likely to be exposed where both sides are represented by those trained in the presentation of evidence.  Upon a review of Petitioner's petition, motion to proceed in forma pauperis, and the instant motion for the appointment of counsel, the Court finds that Petitioner has a sufficient grasp of his claims for habeas relief and the legal issues involved, and that he is able to articulate those claims adequately at this time.  Furthermore, Petitioner does not demonstrate a likelihood of success on the merits such that his case should be classified as an "exceptional circumstance."  See Weygandt, 718 F.2d at 954.  Therefore, in the present case, the Court does not find that the interests of justice require the appointment of counsel at the present time.

     Accordingly, IT IS HEREBY ORDERED that Petitioner's motion for appointment of counsel is DENIED.

IT IS SO ORDERED.

Dated:   **March 26, 2015**                        /s/ Gary S. Austin
                                                              UNITED STATES MAGISTRATE JUDGE