1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE M. TRINIDAD, | Case No.  1:15-cv-00436-GSA (HC) |
|         Petitioner, | ORDER GRANTING PETITIONER LEAVE TO FILE A MOTION TO AMEND THE PETITION AND NAME A PROPER RESPONDENT |
|      v. | |
| PEOPLE OF THE STATE OF CALIFORNIA, | |
|         Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He has consented to the jurisdiction of the magistrate judge pursuant to 28 U.S.C. § 636(c).

**DISCUSSION**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing  2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.  Jarvis v. Nelson, 440

1

1    F.2d 13, 14 (9th Cir. 1971).

2        In this case, Petitioner names "People of the State of California" as the Respondent.  It is

3    insufficient to name "People of the State of California" as the Respondent.  A petitioner seeking

4    habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having custody of him as

5    the respondent to the petition.  Rule 2 (a) of the Rules Governing § 2254 Cases; Ortiz-Sandoval v.

6    Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v. California Supreme Court, 21 F.3d 359, 360

7    (9th Cir. 1994).  Normally, the person having custody of an incarcerated petitioner is the warden

8    of the prison in which the petitioner is incarcerated because the warden has "day-to-day control

9    over" the petitioner. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992); see also,

10   Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). However, the chief officer

11   in charge of state penal institutions is also appropriate. Ortiz, 81 F.3d at 894; Stanley, 21 F.3d at

12   360.

13       Petitioner's failure to name a proper respondent requires dismissal of his habeas petition

14   for lack of jurisdiction. Stanley, 21 F.3d at 360;  Olson v. California Adult Auth., 423 F.2d 1326,

15   1326 (9th Cir. 1970).   However, the Court will give Petitioner the opportunity to cure this defect

16   by amending the petition to name a proper respondent, such as the name of the warden of his

17   facility.  See West v. Louisiana, 478 F.2d 1026, 1029 (5th Cir.1973), *vacated in part on other*

18   *grounds*, 510 F.2d 363 (5th Cir.1975) (en banc) (allowing petitioner to amend petition to name

19   proper respondent); Ashley v. State of Washington, 394 F.2d 125 (9th Cir. 1968) (same).  In the

20   interests of judicial economy, Petitioner need not file an amended petition.  Instead, Petitioner

21   may file a motion entitled "Motion to Amend the Petition to Name a Proper Respondent" wherein

22   Petitioner may name the proper respondent in this action.

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

2

**ORDER**

Accordingly, IT IS HEREBY ORDERED that Petitioner is GRANTED thirty (30) days from the date of service of this order in which to file a motion to amend the instant petition and name a proper respondent.  Failure to amend the petition and state a proper respondent will result in the petition being dismissed for lack of jurisdiction.

IT IS SO ORDERED.

Dated:   **May 16, 2015**                    **/s/ Gary S. Austin**
                                      UNITED STATES MAGISTRATE JUDGE